THE STATE OF OHIO *v.* MINEER ET AL.

(Nos. 83-CR-5364 and -5365—Decided April 13, 1983.)

Court of Common Pleas of Clermont County.

*Mr. Richard Ferenc,* for plaintiff.
*Mr. R. Daniels Hannon,* for defendants William and Tina Mineer.

RINGLAND, J. This matter came for hearing on April 1, 1983, based upon defendants' motion to dismiss. The record will reflect that both cases were consolidated for purposes of trial and for the motion to dismiss. The defendants are

moving to dismiss on the grounds that the indictment which states: "That on or about the 7th of November, 1982, at the County of Clermont aforesaid did cause the death of Johnny Mineer as a proximate result of * * * [defendants] committing a felony, contrary to and in violation of Section 2903.04(A) of the Revised Code of the State of Ohio * * *," violates constitutional due process in that it fails to adequately inform defendants of the charge against them as well as subjects them to possible double jeopardy and violates R.C. 2945.75(A)(1) and Crim. R. 7(B).

The court finds that R.C. 2941.14 controls, in that in an indictment for involuntary or voluntary manslaughter, the manner in which or the means by which the death was caused need not be set forth. This section, or rather its predecessor, has passed constitutional muster in *State* v. *Schaeffer* (1917), 96 Ohio St. 215. Nor is the allegation of double jeopardy well-taken. In the case at bar, the specific time and the victim are mentioned in the indictment and there can be no possibility of any other criminal charge being filed as a result of the incident.

Crim. R. 7(B) provides that an indictment may be in the words of the applicable section of the statute "as long as the words of that statute charge an offense, *or* in any words sufficient to give the accused notice * * *." (Emphasis added.) Certainly the first part of Crim R. 7(B) is fulfilled by reciting the verbiage relating to R.C. 2903.04(A). Again, under *State* v. *Schaeffer, supra,* this is sufficient to apprise the defendant of the crime charged.

While on its face R.C. 2945.75 appears to be in conflict with R.C. 2941.14, the sole requirement of R.C. 2945.75 is that the indictment shall state the degree of the offense which the accused is alleged to have committed. The indictment in this case has alleged a felony. Further, the bill of particulars explains that this felony is child endangerment with serious physical harm. If the word "felony" had not been included, then the degree of the offense would not have been mentioned. However a felony was specified in the original charge, making it the more serious of the two possible manslaughter offenses and, therefore, R.C. 2945.75 was complied with.

Therefore defendants' motion to dismiss is not well-taken and is hereby denied.

*Motion to*
*dismiss denied.*